May it please the Court, Charles Sevilla on behalf of the appellant Steven Boitano. I'd like to reserve about three minutes in which my colleague Mr. Kirsch may address the Court as necessary. Please watch the clock. Thank you. This Court said in another tax case that a criminal proceeding under 7206 is an inappropriate vehicle for pioneering interpretations of the law. In this case, the government on appeal, contrary to the adamant position it took at the trial level, indeed, the adamant position it took in the indictment calling this case a matter of a filing of false return, the position it took in argument, the position it took in evidence, and the position it took at the motion for new trial where the filing issue was again debated, has always said that filing pursuant to the statutory required regulation is not required for a filing. Now they agree that if filing is to be mandated per 7206 and this Court's opinion in Hansen and the Ninth Circuit pattern instruction, then they lose. What was your position at trial? Our position was that in order to be a filing, and an instruction was given in order to be a filing, it should be done pursuant to the statutorily required regulation of hand delivery to a person who is designated by the regional director to receive a return. And the government's not arguing that at this point. That's how I read their briefs. Is that correct? As I read their brief, they're saying that didn't happen. They've conceded that there wasn't a filing. Correct. So can I ask a threshold question before we get to the government's position? Is that a requirement? Is that an element of the offense? It's not in the statute, but our cases seem to have read it in. So is that an element that has to be pleaded and proved at trial? Yes, for this reason. As a policy matter, there has to be a concept of the transfer of a return to the IRS before it attains return status. That is, if I have a return in my home and I fill it out falsely but it doesn't go anywhere, that's not a violation of the statute. Opposing counsel argues that it doesn't necessarily have to be filing within the meaning of the regulation, but that what could be understood, the concept you're describing would be not that I prepared a false tax return and kept it in my desk drawer at home, but that as long as I, you know, delivered it to the IRS and surrendered any ability to correct it, that would be an equivalent that certainly would have been satisfied here. That's exactly what the government is now saying, that it has to be a submission of a true return giving up the right of self-correction. None of those concepts were given to this jury, so. Is there any case law that supports it? I mean, I'll ask the government this also. No. I only saw the word filing and the filing as an element. That's correct. There is no case that supports their position. And in addition to filing, while they say that 7206 doesn't have the word filing in it, which it does not, but obviously there has to be a concept of a formal manner of delivery. So it seems to me that that's important, just to finish that thought. I mean, again, I'll ask both counsel this, but it's not just a superfluous element that could be lopped off. It's not just the government said we have to prove five elements where we only need to prove four, but my understanding is what they're saying now is there's this other concept that had to be proved, but we're going to call it something different than filing. That's correct. And your objection is the first time you're hearing about this is after trial. That's correct. And we have an alternate argument that they should be stopped from even presenting that to the court because it was in complete and diametric opposition to what they said at the trial level, and it makes a difference. They're asking this Court to come up with a new alternate definition of filing, calling it submission of a true return, giving up the right of self-correction. Well, none of those concepts were before the trial court, and they should have been litigated because there may have been instructions about what they meant. If, for example, on the issue of giving up the right of self-correction, when somebody files a return by mail, they have ostensibly given up the right of self-correction. When they e-file it, they may have done the same. But in the context of a hand delivery in this case, which it was much more ambiguous because that wasn't the purpose of this audit. They had three sessions where they were talking about his returns for 2001 through 2003, and in the context of that on the third time, he presented them these returns from 2001 and 2003. Agent Conner said, I'm not supposed to be taking returns in this, but he stamped them and stamped them received. So how is that ambiguous, counsel? It seems to me, as you said, he's a CPA. It's the third time he's in there. They're looking at his tax returns. He hadn't paid taxes. These returns reported that he paid taxes that the IRS says they never received, and then he didn't just hand them as though they were worksheets, right? He asked for them to be date-stamped or signed and copies returned to him. That does not sound ambiguous to me. Well, it is somewhat ambiguous for this reason. Why? Okay. One, when they looked at the returns and saw the estimated weren't reflected in the IRS transcripts, he turned, as the agent said, turned pale, and that agent, indicating some shock that that didn't happen. And, of course, the agent remembered his reaction 15 months later when he talked to another agent about it. So he really went pale when he found out that those weren't there. And then, and this is at SCR 325, Botano says, well, I'll go look to see what I can come up with to explain this. And then six days later, agent O'Connor writes a letter to him, said, yes, give me some data to explain why these returns are either, why they are inaccurate, and if so, explain why they are inaccurate. Eight weeks later or less, he hires a tax attorney who calls, and they begin a dialogue for the filing of returns. And they filed returns for these years in February of 2011, well before the indictment in this case. So that didn't satisfy the government, and they chose to prosecute. But if we're going to have a concept of a submission that gives up the right of a true return, giving up the right of self-correction, that didn't happen here, because when he left that meeting, they were talking about potentially self-correction. So one question I had was under, I guess it's 18 U.S.C. 1001, any statement that the government could rely on that's a misstatement can be prosecuted. And so under that standard, providing these worksheets to the government seems, it seems like a closer case of that could be a misrepresentation that was to be relied on. So did the government just prosecute on the wrong theory, in your view? Could they have proceeded with 1001 without showing filing or showing any formal presentation? They could have prosecuted under a false statement to a Federal officer under 1001. I'm not saying that they would have conceded, because we also have in this case the issue of the failure of the court to give the jury the mistake defense, which was a major defense in the case. And instead we got this willfulness description of knowing that there is a duty to be obedient to the tax laws and knowingly violating them. But going back to 7206.1, so that has the extra element of a filing or the government now disputes it should be thought of in a different way. But that would not have been a part of a 1001 false statement prosecution. No. And that would have been a different case. And, of course, there would have been a defense, well, perhaps better stated with instructions on the mistake issue. So the government's, I might add this about their position now about a submission of a true return giving up the right of self-correction. That still would require giving that document to a designated agent within the region. It doesn't absolve the government of that obligation. That's in section 26 U.S.C. 6091, which is cited at page 14 of our opening brief. They still have to give whatever they're giving to the designated agent. And the language in there uses the term filing and there's been parsing of the word made, whether the return is made. Well, that language is in 6091. So it's still required that they submit it to a person designated. And that didn't happen under any formulation that the government is seeking to apply in this case. The government says there is some potential equal protection argument that if someone gives to a non-designated agent a return, that is not a filing. But if they give them another document, that could be a filing. Well, we're not dealing with other documents, and I believe 6091 mandates that the Secretary of the Treasury indicate when filing of returns or other documents how they should be made. So we don't know what the issue is with other documents. It's not an issue before the Court. But this idea that there may be some equal protection argument falls flat because we don't know what the regulations are on filing other documents. I might say that a return is a special obligation of a citizen. It's a special, detailed, complex form, perhaps one of the most important forms indicating an interaction with a government other than the right to vote. And that has been time honored in the requirement that it be filed to give it significance. Let me make sure I understand it. The filing gets into this as a result of the jury instruction, pattern jury instruction? Is that the word? Because the statute doesn't say it at all. That's correct. It doesn't say anything about their formulation either. But the case law, what does the case law say? The case law says filing. Hansen says filing. Hansen says filing. The pattern instruction says filing. Other courts, and including the circuit in a couple of other cases, say filing. Now, there are some. So forgive me for interrupting, but is it your argument today that that's not an element, or is it your argument that the government should be a stop from denying that it's an element because that was their position at trial? Our argument that is filing is an element and that the 26 U.S.C. defines how filing should take place. That didn't happen here. Our argument on estoppel is that if the court is of a mind to accept this other formulation of submission of a true return giving up the right of self-correction, it should be stopped flat from, estopped from doing so for a number of equitable reasons, including their adamant position below that filing was all that was required as they presented it through their agent. You're down to 2 minutes and 20 seconds. I will retire from the field, and thank you very much. May it please the court. My name is Ann Voights, and I represent the government in this case. This court should affirm defendant's convictions under section 72061 because filing within the meaning of the regulations is not an element of the offense. It's not included in the statutory language. Counsel, could you speak a little more slowly because it echoes up here? Sure. My apologies. It's hard for me to hear you up here. So to the extent that there was any error, it was an instructional one in using the term filing instead of delivery, which is all that is really required. So we have a longstanding precedent saying filing is an element. So aren't we bound by our precedent to say filing is an element? How could we say, oh, never mind? Because I think if this Court looks at Hansen, Hansen clearly wasn't asked to consider whether they were using filing as a term of law. It wasn't the real issue in Hansen. Right. The real issue was because the defendant had submitted a return, but the IRS hadn't processed it, hadn't fully processed it. Right. Was that sufficient? Right. I agree. I read it the same way. But to Judge Okuda's point, you know, it would be rare and unusual. I mean, there's an itemized list of the elements of the statute right there in our case law, and we're just a three-judge panel. Correct. But it cites Bishop, the Supreme Court case, which does not include filing as an element. It simply includes making or subscribing. And I think when it refers to filing, it refers to it in quotation marks. And it says that filing was accomplished by delivery. Well, I understand what Bishop says, but back to Judge Okuda's question, exactly what legal doctrine are you relying on to circumvent that authority? Because I think that — Are you saying it's not controlling or it's dicta, or what is your argument? That it's dicta and that when it's referring to filing, it's not — it wasn't deciding whether filing — it was using filing essentially as judicial shorthand for what we think was required, delivery, which it says is what satisfied the offense there. The offense was completed with delivery. Well, if we agree with you about that, and I'm having some trouble just figuring out how you would — a three-judge panel would do that. But if we agree with that, his argument, of course, is going to be nevertheless at trial this wasn't an oversight, this was a contested issue. The government insisted that it is an element, and the case was tried that way. So what about the estoppel position? First off, the government's consistent position at trial, and in fact proposed an instruction which the district court did not ultimately give, was that filing was delivery. So although the government used the word filing incorrectly, the conduct that it relied on was the same. Right. That delivery was what it took to establish a violation of 7-206-1. But he says if the government had come forward with this notion of, you know, delivering the document without retaining the right of self-correction, that he might have tried the case differently. And we can't really turn back the hands of time. What's your response? So my response is, first, the right of self-correction is simply the reason, the underpinning that materiality for a requirement of delivery. So that it is so essentially the point that was in dispute. It was never disputed that he gave the documents to the agent. It was never disputed that he didn't say they were a draft. He handed them over when they were already signed under penalty of perjury, and he asked to get copies of the pages with the stamp indicating that they had been received back. So you were here when I asked that question, and an opposing counsel said there was some ambiguity, and I said why, because of those facts that you just related. They had been signed, delivered, he wanted copies back. And the response was, well, when they left that meeting, even though they weren't described as worksheets or drafts, to my recollection, there was this agreement that he would go back and come, you know, try to come up with something that was going to explain the discrepancy between what he had delivered and what was in the computer. Certainly. What happened was he presented them. He said repeatedly during the three meetings that he intended to file his returns. He acknowledged that he had the duty to do so and that he hadn't done so. The agent, in fact, didn't want him, said he didn't want the returns because the purpose of the audit was to establish the necessary facts to figure out what tax was due. The defendant still brought in the returns, said he wanted them filed. And when asked, Agent Connors said that there was no ambiguity about what the defendant wanted to happen with the documents. He wanted them filed. They were Form 1040s. They were already signed under penalty of perjury. He never said these are drafts. And when confronted with the fact that the estimated tax payments listed were not, in fact, made, his first response was not, I may have made a mistake, but that the IRS must have made a mistake. And when Agent Connors said, well, it's not, would it be likely that the IRS would make that mistake not just once, but three years in a row, he acknowledged that it was not. And so while he then subsequently said he might go back, at the time that he never first, I should say, he never actually did submit anything to substantiate that the payments were made. And ultimately, he never said this was a mistake. Well, the IRS, am I correct? This is an odd case. Am I correct that the IRS never actually relied on these documents as being his return a truthful return? That's correct. Because the agent recognized that they were fraudulent, he didn't have them processed. He held on to them. And what he did was he sent a form that registered in the system that he'd received the documents, so that at least according to the database, it would reflect that something had been received on that date. Although, legally, the IRS wouldn't treat them as having been filed. If I could go back to the question of where the issue of filing has come from, essentially it's been grounded in two district court cases, Horvitz and Gilkey. And both of those seem to really be based in the concept of materiality, that it can't be material, which is an express element of the statute. If it stays in your drawer, to use the example that the panel presented, if I write it down and then shred it before I ever give it to anyone at the IRS, it takes the submission, the delivery. And that's what the government argued below. And while we were incorrect in using the term filing, the essential act is the same. So are you saying that we should read our cases, because we have like Dahlstrom, which was a 7062 case, but similarly reads in filing as an essential element of that offense, that we should read the word filing to mean something different, that when we said filing, we meant something else, not the statutory filing? Because I didn't really see that argument in your briefs. I was expecting that argument, but you just said we concede we didn't file it. So now I'm not understanding how we should analyze our cases using the word filing. So maybe you could help on that. Certainly. I think the answer is that when the courts were using the term filing, they weren't using it in the sense of a filing that complies with the regulations, and indeed to read it. Okay. So you now want to say that the word filing doesn't mean filing as indicated in these other statutes and regulations, but means something closer to what you're now suggesting. But I didn't see any support for that, either in the regulations or in case law, and this delivery without the right of self-correction, I mean, seemed to be just made up out of whole cloth. So how can we read that into our prior cases? I'm having trouble with that. To be clear, our argument isn't that filing is an element, it just should be construed differently. It's that filing is the wrong word for the same element. So 7206 has no requirement of delivery, presentation, statement to the government agent. It doesn't provide any language going to how the false tax information gets to the government. And so the opposing counsel makes the reasonable point, which our cases have adopted, which is there has to be some way for this misrepresentation to get to the government. And the language we use, it's a formal process, and we use the word filing. So are you saying we erred all those years by saying there was a filing requirement, or are you saying filing means something else, or are you saying we read the statute wrong and we should read something else in? So help me understand that. What we're saying is that what the court ‑‑ the right word is delivery. So it is the same kind of submission. But why is that? I mean, what's the basis? Is there a statutory basis? Is there a congressional intent? Or is it just your presentation to us here that that makes more sense? We think it's grounded in the materiality requirement, which is part of the statute. And we think that sort of is the real concern that was driving the district courts in Gilkey and Hurwitz. If I could return to your question about Dahlstrom really quickly. I think Dahlstrom was sort of dealing with two issues. There the case was, you know, he prepared a return and deals with preparing or assisting the preparation of a return for someone who had no intent to file it. And, in fact, it wasn't filed. And so that was what this court relied on in saying. What if it had been delivered? I mean, the language there says, we find that the filing of a return is, in fact, an element of a Section 72062 violation. So that, again, uses the terminology filing. So we either have to say filing doesn't mean filing, or it actually means delivery, or that we were wrong in making that conclusion, or that 70672062 is somehow different than 72061. We read something else in there. I think, again, the answer is that what would have mattered would be delivery. And in that case, but the second issue. So you think Dahlstrom is also wrong? No, I think Dahlstrom was. So if he prepared it for a third party and that third party delivered it to an agent without filing it, and we said, no, filing is an element, that would be wrong. We should have held that the preparer could have been held liable, provided that the third, the person he prepared the return for, delivered it to the government. Is that your argument? Well, that, I think, ignores the second problem of Dahlstrom, which was whether it was a true return, which I think is not at issue here. Here it was a Form 1040 that the defendant wanted filed. He asked that it be filed. So our statement that filing of a return is, in fact, an element of a section was just dicta, in your view, in Dahlstrom? I think it is part of the fact that it had to be filed or there had to be the intent that it be filed. And that wasn't present in that case because the individual to whom it was given had no intent of filing it. So intent on filing or intent on delivery? Intent on delivery. Okay. So what, I'm sorry, I may have missed this, but what is your response to the argument that they, that they should be stopped because, you should be stopped because they framed their whole defense around this issue? First, I'd say that the government's position as to what completed the offense has been consistent. We proposed the instruction saying that it was finished on delivery. We also opposed their instruction that filing for purposes of 72061 required that it be given to someone authorized by regulation to accept it. That has been consistent below, and we've argued that here as well. And with respect to whether the defendant was prejudiced by it, I think not. The argument that he made was that this was a mistake, that he didn't intend it, that it wasn't material. Those were really, and those same arguments about whether he was giving this as a draft or not, would have been made. And, in fact, there was really no evidence to support that. I think the evidence in this case was overwhelming. Here is a CPA who's been audited before, who comes in, who says repeatedly to the agent, I want these filed, who asks for a copy of them with a stamp on it saying received, to prove that the IRS has received them. I think that simply is more than sufficient. And to read the statute otherwise, to read this as requiring a very specialized, to read this as requiring filing within the meaning of the regulations, is problematic because it creates this conflict within the statute which encompasses documents that aren't filed and that aren't subject to the same regulations. So you could find yourself in a position, and this is not an equal protection issue, it's a statutory interpretation issue, where if I come in and give you a document that's the same false statement in a return and the same false statement in another document, they're both signed under penalty of perjury, I would be guilty of 72061 for the separate document, but not for the return, and that simply doesn't make sense. Counsel, I thought what the government was going to argue in this case is that Hansen says filing, but filing wasn't at issue in Hansen, so the Court didn't have an opportunity to say what it meant by filing, and that you were going to urge that we should adopt your definition here in this case. So that doesn't seem to be what you're saying on page 26. It says in your brief here, to be clear, the government is not arguing that this Court adopt a less stringent definition of filing applicable only to 72061. To the contrary, you go on, to the contrary, there's a single definition of filing. So it doesn't seem that you're arguing that you can have one definition of a filing in the civil context and a different one in the criminal context. Have I misunderstood your brief? No, that is correct. It has to be the same definition. Our position is it should be the same definition, but that what is required here is not filing, and that to the extent that Hansen used filing, and I note that it used it in quotes, held that it was satisfied by delivery, and that really what we're talking about here, and what was not, as you pointed out, at issue in Hansen, is the submission, because it goes to the materiality. Well, that's different than what you said at trial. If I'm understanding you correctly, at trial you said filing can be completed by delivery. Here you're saying, no, filing has the definition it has. We didn't file, but in reading an element into 7206, we should read in delivery instead of filing. Do I have your argument correct? That's correct, except I would say that it's not, in fact, reading an element, and it's sort of a threshold requirement for materiality, which is part of it, that you can't have the potential to influence the agency's decisions if they never actually get the document, if it's never communicated to them. Is there any other circuit authority on what this means, whether it's delivery, filing, what it is? So there are some cases, Habig is actually a Supreme Court case and Butzman, but those are dealing with when the offense is completed, and our position has been that it's completed. How about Harvey and the Eleventh Circuit? I'm sorry? Harvey and the Eleventh Circuit? Yes. Harvey and the Eleventh Circuit. They seem to say it doesn't happen until there is filing. So there is sort of, aside from Horowitz and Gilkey, there are cases talking about when the statute begins to run, and that's where they've said that the offense is complete when it's given to the agency, and they've used the word filing. Right. But again, I think what filing is You tell us that has only one definition, which is the regulatory one? We think that the regulatory definition is the one that should be applied to filing. I don't think that the courts, when they were considering this, were actually thinking about the meaning of that word and whether it should be used in that sense. Our questions took you over time. I apologize. Thank you. If there are no further questions, I'd be happy to submit. Okay. Good morning, Your Honors. Judge Schroeder, you asked Can you identify yourself for the record, please? Oh, I'm sorry. I'm David Kirsch, representing Mr. Boitano. Thank you. Judge Schroeder, you asked what the origin of the filing requirement was in this case, and it's right in the indictment. Counsel, I think you suggested it was in the instructions, but it's actually in the indictment. And I think that's an even stronger case for requiring filing. That's what they charged, and that's what they tried. Clearly, something has to happen to one of these returns between the time it's in his office at home and it gets to the IRS. In the case of a tax return, that thing is filing. Tax returns are special. There's a special filing requirement in the statute. Section 6091 regarding place of filing refers to making a return to the secretary. That's the same language that's in 7206-1, whoever makes a return. And that's in the filing section. So those two terms are linked. And then, of course, we have the case law, Hansen. I think Hansen is a stronger case for filing than perhaps has been discussed today. In Hansen, the return was mailed, but it wasn't processed. The court had to decide whether it was filed. And it said it was filed because when you mail a return, which is one of the section 6091 ways of filing, it is the filing is complete upon delivery to the IRS. But our case is a hand-carried return. And there's a very special rule for hand-carried returns which requires it be hand-delivered to a person authorized to receive it. Everyone agrees that didn't happen. One final thing on materiality. Even if the Court were to conclude that a delivery less than filing suffices for purposes of section 7206-1, there's other law that says until a return is filed, it is not material. So there's a materiality issue that follows on to the filing requirement that could impact this case. Unless the Court has any further questions, we'll submit it. Thank you. The case of United States v. Stephen Frank Foitano is submitted and we're now adjourned
judges: Schroeder, Ikuta, Christen